EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE OPTIVER COMMODITIES LITIGATION

Master File No.
08-CV-6842 (LAP)
ECF Case

This Document Relates To:   All Actions

Chief Judge Loretta A. Preska

### [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

The parties to the Stipulation and Agreement of Settlement entered into on July 24, 2014 (the "Settlement Agreement") between Plaintiffs Michael Amdur, Brendan Cody, Charles Hynes and Richard White (collectively, "Plaintiffs") and Defendants Optiver US LLC, Optiver Holding B.V., Optiver VOF, Christopher Dowson, Bastiaan van Kempen, and Randal Meijer (collectively, "Defendants") in the consolidated action captioned *In re Optiver Commodities Litigation*, 08-cv-6842 (LAP) (S.D.N.Y.) (the "Action"), having applied for an order approving the proposed Settlement of the Action in accordance with the Settlement Agreement and for dismissal of the Action on the merits and with prejudice upon the terms and conditions set forth in the Settlement Agreement; the Court having read and considered the Settlement Agreement and accompanying documents; and the parties having consented to the entry of this order,

NOW, THEREFORE, this 7th day of January, 2015, upon application of the parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.  The Court finds that it has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Parties and all Settlement Class Members.

3.  For purposes only of the Settlement, the Settlement Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Settlement Class is defined as:

> All Persons that purchased, sold or held NYMEX Light Sweet Crude Oil futures contracts, NYMEX New York Harbor Heating Oil futures contracts or NYMEX New York Harbor Gasoline futures contracts at any time from March 2, 2007 through March 26, 2007, inclusive. Excluded from the Settlement Class are (i) members of the judiciary assigned to this case, including their immediate family members; (ii) Class Counsel and their employees; (iii) Defendants and any parent, subsidiary, affiliate, employee or agent of any Defendant, including Defendants' counsel; and (iv) Opt Outs (as defined in Section 1(w) of the Stipulation and Agreement of Settlement).

4.  The Court hereby reaffirms its appointment of Lovell Stewart Halebian Jacobson LLP, Lowey Dannenberg Cohen & Hart, P.C. and Robins, Kaplan, Miller & Ciresi L.L.P as counsel for the Settlement Class for purposes of this Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment for this purpose.

5.  Plaintiffs Michael Amdur, Brendan Cody, Charles Hynes and Richard White are hereby appointed as representatives of the Settlement Class.

6.  Certification and all actions associated with certification shall be automatically vacated if the Settlement Agreement is terminated or is disapproved in whole or in part by the Court, any appellate court, or any other court of review, in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an

admission or as evidence for any purpose, including but not limited to use as an admission by any Party as to the certifiability of a litigation class, and Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

7.  A hearing will be held on ~~_____, 2014~~ May 19, 2015 at 1:00 [a.m./p.m.] [~~approximately 131 days after entry of this Order~~] in Courtroom 12A of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Mailed Notice and Publication Notice which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Members of the Settlement Class other than that which may be posted at the Court or on the Court's website.

8.  The Court reserves the right to approve the Settlement Agreement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

9.  The parties are granted leave to file under seal the Supplemental Agreement, which gives Defendant Optiver US certain rights to terminate the Settlement Agreement, as well as any materials filed with the Court in connection with a dispute relating to the Supplemental Agreement.

10. The terms of the Settlement Agreement and the Supplemental Agreement are hereby preliminarily approved. The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy that notice of the Settlement Agreement should be given as provided in this Order. The terms of the Plan of Allocation, the Supplemental Agreement, the Request for

Exclusion form, and the proposed Proof of Claim form also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11.     All proceedings in the Action, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

12.     All Settlement Class Members and their Legally Authorized Representatives, unless and until they have submitted a timely Request for Exclusion from the Settlement Class, are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

13.     The Defendants shall comply with the CAFA Notice requirements set out in 28 U.S.C. § 1715.

14.     Within five business days after the date of the entry of this Order, the Settlement Administrator shall cause copies of the Mailed Notice, in the form (without material variation) of Exhibit 2 to the Settlement Agreement, to be mailed by United States first class mail, postage prepaid, to (a) all large traders in Class Contracts whose names have been obtained by the Plaintiffs pursuant to a subpoena to the New York Mercantile Exchange ("NYMEX"); (b) all

4

clearing brokers on the NYMEX whose names have been obtained by the Plaintiffs pursuant to a subpoena to the NYMEX (with the direction that they should forward the Mailed Notice to their customers who bought, sold or held Class Contracts or should provide the names and addresses of such customers to the Settlement Administrator); and (c) any additional reasonably identifiable members of the Settlement Class. The foregoing mailings shall be completed no later than thirty (30) days after the date of entry of this Order.

15. As soon as practicable after the entry of this Order, the Settlement Administrator shall cause to be published a Publication Notice, without material variation from Exhibit 3 to the Settlement Agreement, as follows: (a) for two consecutive months in Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive months in Technical Analysis of Stocks and Commodities Magazine; (d) on the Technical Analysis of Stocks and Commodities Magazine website for one month; and (e) in two editions of The Wall Street Journal as a quarter-page notice.

16. The Settlement Administrator shall maintain a Website for this Settlement, www.nymextassettlement.com, beginning on the first date of mailing of the Mailed Notice and remaining until the termination of the administration of the Settlement. The Website shall include copies of the Settlement Agreement (including exhibits), the Mailed Notice, the motion for preliminary approval, and this Order; shall identify important deadlines and provide answers to frequently asked questions; and may be amended as appropriate during the course of the Settlement administration. The Website, www.nymextassettlement.com, shall be searchable on the internet.

17.     The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

18.     The Court approves, in form and substance, the Mailed Notice, the Publication Notice, and the Website as described herein. The Class Notice Plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing to all persons entitled to receive such notice; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

19.     At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 14-16 of this Order.

20.     Any Member of the Settlement Class and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement Agreement, the application for attorneys' fees and expenses, or the Final Order and Judgment, or who otherwise wishes to be heard or intervene in the Action, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and counsel for the Defendants shall be heard and no papers, briefs, pleadings, or other documents submitted by any Member of the Settlement Class shall be considered by the Court unless, not later than twenty

three (23) days prior to the Fairness Hearing, the Settlement Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class Counsel and all counsel of record for the Defendants) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Action by case name and Case Number; (2) a statement of the specific legal and factual basis for each objection or intervention argument; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Final Approval Hearing; and documentary proof of the objecting person's membership in the Settlement Class; and (5) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years.

21.     Any objection to the Settlement Agreement or motion to intervene submitted by a Settlement Class Member pursuant to Section 20 of this Order must be signed by the Settlement Class Member (or his, her or its Legally Authorized Representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or governmental entity or the

Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative.

22. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

23. All objectors shall make themselves available to be deposed by any Party in the county of the objector's residence within seven days of service of the objector's timely written objection.

24. Any Member of the Settlement Class or governmental entity that fails to object or move to intervene in the manner described in Sections 20-21 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than three (3) days before the Fairness Hearing. Class Counsel, counsel for the Defendants, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than seven (7) days before the Fairness Hearing.

25. Any Request for Exclusion from the Settlement by a Member of the Settlement Class should be sent in writing, in the form (without material variation) of Exhibit 4 to the Settlement Agreement, to the Settlement Administrator at the address in the Mailed Notice and postmarked no later than thirty five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion should contain all of the information requested in the form Request for Exclusion.

26.     If a Settlement Class Member submits a Request for Exclusion that fails to provide the information called for in Exhibit 4, Defendant Optiver US is authorized to subpoena documents from that Settlement Class Member that are sufficient to show any such missing information. If Optiver US in good faith believes that the information that is missing on Requests for Exclusion submitted by Settlement Class Members could, if obtained pursuant to subpoena, cause Optiver US to have a right to terminate under the Supplemental Agreement, the Court, upon the request of Optiver US, will appropriately modify the schedule for the Fairness Hearing so as to provide Optiver US no more than 45 days (unless otherwise extended by the Court for good cause shown) to subpoena and receive the omitted information, within which time Optiver US shall decide whether to exercise any right of termination that may arise under the Supplemental Agreement. If a Settlement Class Member is permitted to submit a Request for Exclusion after the Exclusion Bar Date, and any such Request for Exclusion fails to provide the information called for in Exhibit 4, Defendant Optiver US is authorized to subpoena documents from that Settlement Class Member that are sufficient to show any such missing information. If Optiver US in good faith believes that the information that is missing on such Requests for Exclusion that are permitted after the Exclusion Bar Date could, if obtained pursuant to subpoena, cause Optiver US to have a right to terminate under the Supplemental Agreement, the Court, upon the request of Optiver US, will appropriately modify the schedule for the Fairness Hearing so as to provide Optiver US no more than 45 days (unless otherwise extended by the Court for good cause shown) to subpoena and receive the omitted information, within which time Optiver US shall decide whether to exercise any right of termination that may arise under the Supplemental Agreement. If Optiver US elects to issue subpoenas under this paragraph, it

shall inform the Court and Plaintiffs within two (2) business days after learning that all available subpoenaed information has been received.

27. Any Request for Exclusion from the Settlement submitted by a Settlement Class Member pursuant to Section 25 of this Order must be signed by the Settlement Class Member (or his, her or its Legally Authorized Representative) and notarized, even if the Settlement Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that such Requests for Exclusion may be submitted by a Settlement Class Member's Legally Authorized Representative.

28. Any Settlement Class Member who does not submit a timely written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

29. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Defendants' counsel as requested.

30. The Settlement Administrator shall furnish Class Counsel and counsel for the Defendants with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one day of receipt thereof.

31. At least twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall prepare the Opt-Out List identifying all Persons, if any, who submitted a

timely Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the Opt-Out List. The Settlement Administrator shall provide counsel for Defendants and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing. Class Counsel shall file the Opt-Out List and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

32. All Proofs of Claim shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the Mailed Notice and must be postmarked no later than seventy-five (75) days after the Fairness Hearing.

33. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data, Ltd. (the "Settlement Administrator") to be responsible for: (a) establishing a P.O. Box (to be identified in the Mailed Notice and the Publication Notice), a toll-free interactive voice response telephone system and call center, and a Website for the purpose of communicating with Members of the Settlement Class; (b) effectuating the Class Notice Plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Members of the Settlement Class; (e) determining the timeliness of each Proof of Claim submitted by Settlement Class Members, including the adequacy of the

supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and regarding the final value of any Allowed Claim; (g) calculating each Settlement Class Member's Allowed Claim pursuant to the Plan of Allocation; (h) determining whether to request "unmasked" account information from NYMEX; (i) determining the timeliness of all Requests for Exclusion received from Settlement Class Members; (j) preparing the Opt-Out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for Defendants; (k) providing counsel for Defendants and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion pursuant to Section 10(k) of the Settlement Agreement; and (l) acting as Escrow Agent for the Settlement Fund.

34. The Settlement Administrator shall maintain a copy of all paper Settlement-related communications for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic Settlement-related communications for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

35. The Court preliminarily approves the establishment of the Settlement Fund as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

36. Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents and discussions associated with it, nor the Final Order and Judgment is or shall be deemed or construed to be an admission, adjudication or evidence of (a) any violation of any statute or law or of any liability or wrongdoing by the

Defendants or any Released Party, (b) the truth of any of the claims or allegations alleged in the Action, (c) the incurrence of any damage, loss or injury by any Person, (d) the existence or amount of any artificiality, or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents and discussions associated with it, nor the Final Order and Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense. All rights of Defendants and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

37. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least thirty (30) days prior to the Fairness Hearing.

38. If the Settlement is approved by the Court following the Fairness Hearing, a Final Order and Judgment will be entered as described in the Settlement Agreement.

39. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Members of the Settlement Class, other than that which may be posted at the Court or on the Court's website.

40. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be timely, shall

be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

41. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

42. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this 7th day of January 2015 at the Courthouse for the United States District Court for the Southern District of New York.

*Loretta A. Preska*
The Honorable Loretta A. Preska
United States District Court Judge